IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-0548-FL

**James E. Love**,

          Plaintiff,

v.

**Headway Workforce Solutions**, et al.

          Defendants.

**Memorandum & Recommendation**

Four Defendants, Jean-Pierre Sakey, Kathy Roma, Debbie Brown, and Mary Thornbury (collectively "Moving Defendants"), request that the court dismiss them from this action because Plaintiff James E. Love failed to state a claim against them and failed to properly serve them with a copy of the Summons and Complaint. Although the Clerk of Court alerted Love to the need to respond to their Motion, he failed to do so. The court's independent review of the Complaint demonstrates that Love has failed to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, because Title VII does not support claims against individual defendants. Therefore, it is recommended[1] that the court dismiss Love's claims against the Moving Defendants.

**I.    BACKGROUND**

Love initiated this action on September 26, 2014, by filing a Complaint alleging a violation of Title VII against a bevy of corporate and individual defendants. The defendants at issue in this motion are all executives with Headway Workforce Solutions, which employed Love as its Director of Retail field Operations from October 2011 until April 2012. Love alleges

---

[1] The court referred the Motion to Dismiss to the undersigned for the entry of a Memorandum and Recommendation pursuant to 28 U.S.C. §636(b)(1).

the Moving Defendants terminated him because he refused to abide by discriminatory hiring and employment practices.

After his termination, Love filed a Charge of Discrimination with the EEOC, which was subsequently amended. The EEOC issued Love a Right to Sue letter on June 30, 2014. Love initiated this action several weeks later.

## II.     STANDARD OF REVIEW

The Moving Defendants argue that Love's Complaint should be dismissed because it fails to state a claim upon which relief may be granted. The Supreme Court held that in order to withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, while a court must accept all the factual allegations contained in a complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

After *Iqbal*, a court considering a motion under Rule 12(b)(6) must subject a complaint to a two-part test. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth because they are conclusory in nature or nothing more than a formulaic recitation of the elements of a claim. *Id.* at 679. Then, taking the remaining factual allegations as true, the court must determine whether the complaint "plausibly suggest[s] an entitlement to relief." *Id.* If, after conducting this two-part analysis, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.*

In determining whether Love has shown that he is entitled to relief, the court is cognizant of the fact that he is proceeding without the assistance of counsel. While his *pro se* status does not excuse him from the pleading requirements set out in *Iqbal*, *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008), his Complaint will "be liberally construed, ... and ... must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Thus, the issue before the court is whether, after giving the complaint the necessary liberal construction, Love has stated "a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Title VII of the Civil Rights Act of 1964 makes it unlawful for *an employer* to discharge an employee or discriminate with respect to "compensation, terms, conditions, or privileges of employment" because of an individual's sex. 42 U.S.C. § 2000e–2(a)(l) (emphasis added). However, Title VII does not allow a plaintiff to hold individual defendants personally liable. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (Fourth Circuit holding that Title VII did not convey individual liability); *Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 682 (E.D.N.C. 2013) (only an "employer" is liable under Title VII; the statute does not permit individual liability). Therefore, even if Love had properly served the Moving Defendants, he cannot maintain a claim under Title VII against them. Therefore, it is recommended that the Moving Defendants' Motion to Dismiss be granted.

## IV. CONCLUSION

For the forgoing reasons, it is recommended that the Moving Defendants' Motion to Dismiss [D.E. 14] be granted.

Dated: February 20, 2015.

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE