IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-548-FL

| | |
|---|---|
| JAMES E. LOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HEADWAY WORKFORCE SOLUTIONS; ) | |
| UNIQUE SOLUTIONS DESIGN USA, ) | |
| LTD. (MEALITY); KATHY ROMA, VP ) | |
| Headway; MARY THORNBERRY, ) | |
| Director HR, Headway; DEBBY BROWN, ) | |
| VP Headway; JEAN-PIERRE SAKEY, ) | |
| President & CEO Headway; JUDITH ) | |
| RICHARDSON, Business Development ) | |
| (Former EVP-MeAlity); NICOLE ) | |
| WREAKS, Director of Operations (Former ) | |
| Regional Manager MeAlity), ) | |
| ) | |
| Defendants ) | |

This matter is before the court on unopposed motion to dismiss by defendants Debby Brown ("Brown"), Kathy Roma ("Roma"), Jean-Pierre Sakey ("Sakey"), and Mary Thornberry ("Thornberry"), pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6) (DE 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered memorandum and recommendation ("M&R"), wherein it is recommended that the motion to dismiss be granted, and no objections to the M&R were filed. In addition, this matter is before the court following the court's notice, entered February 5, 2015, regarding plaintiff's failure to make service

on defendants Unique Solutions Design USA, Ltd. (Meality) ("Unique Solutions"), Judith Richardson ("Richardson"), and Nicole Wreaks ("Wreaks"). For the following reasons, the motion to dismiss is granted and the aforementioned defendants also are dismissed for failure to complete service.

## BACKGROUND

Plaintiff commenced this action on September 26, 2014, asserting claims against defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, for employment discrimination and retaliation. Plaintiff claims he was wrongfully terminated from his employment with defendant Headway Workforce Solutions because he refused to abide by discriminatory hiring and employment practices, including alleged instructions to hire only women, terminate a manager due to her pregnancy, terminate a manager who was injured on the job, and terminate other associates and managers without cause.

Defendant Headway Workforce Solutions filed an answer to the complaint on November 4, 2014. Defendants Brown, Roma, Sakey and Thornberry, filed a motion to dismiss on the same date, on the basis that these individuals are not liable under Title VII and plaintiff has failed to perfect service against them. On February 5, 2015, the court entered a notice to plaintiff of his failure to make service of process on defendants Unique Solutions, Richardson, and Wreaks, requiring plaintiff to show good cause within 14 days why the claims against these defendants should not be dismissed for his failure to serve these defendants. Plaintiff did not respond to the motion to dismiss or the amended notice.

2

**DISCUSSION**

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir.1999). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as

3

true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir.2009) (citations omitted).

B.   Analysis

Title VII makes it unlawful for "an employer" to discharge or otherwise discriminate with respect to "compensation, terms, conditions, or privileges of employment" because of an individual's protected status. 42 U.S.C. § 2000e-2(e)(1). Accordingly, Title VII applies by its terms to the actions of an employer, rather than individual defendant officers of an employer. See Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) (holding that Title VII forecloses individual liability). Therefore, plaintiff's Title VII claims against individual defendants Roma, Thornberry, Brown, Sakey, on their motion, must be dismissed.

In addition, plaintiff's claims against all the individual defendants, including defendants Richardson and Weaks, as well as defendant Unique Solutions, must be dismissed for failure to complete service of process. "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The court must extend the time for service "for an appropriate period" if the plaintiff shows good cause for the failure. In this case, plaintiff has not shown good cause for failure to serve defendants Roma, Thornberry, Brown, Sakey, Richardson, Wreaks, and Unique Solutions. Therefore, these defendants must be dismissed on the additional basis that they have not been served, pursuant to Federal Rule of Civil Procedure 4.

## CONCLUSION

Based on the foregoing, the court adopts the M&R, and the motion to dismiss by defendants Brown, Roma, Sakey, and Thornberry (DE 14) is GRANTED. In addition, defendants Brown, Roma, Sakey, and Thornberry, Richardson, Wreaks, and Unique Solutions, are DISMISSED for failure to complete service, pursuant to Federal Rule of Civil Procedure 4(m). This action remains pending against defendant Headway Workforce Solutions, and the clerk is DIRECTED to continue management of this case. An initial order will follow.

SO ORDERED, this the 31st day of March, 2015.

*[signature]*
LOUISE W. FLANAGAN
United States District Judge